**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (SBN: 216752)
Suren N. Weerasuriya, Esq. (SBN 278512)
Adrian R. Bacon, Esq. (SBN 280332)
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
abacon@attorneysforconsumers.com
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CASEY BLOTZER,**<br><br>  Plaintiff,<br><br>  v.<br><br>**LABOR LAW COMPLIANCE INSTITUTE, LLC,**<br><br>  Defendant. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

  1.   CASEY BLOTZER ("Plaintiff") brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of LABOR LAW COMPLIANCE INSTITUTE, INC. ("Defendant"), in negligently and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

  2.   The TCPA was designed to prevent calls and text messages like the

ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. In support of this, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12.

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, *Mims*, 132 S. Ct. at 744.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over Plaintiff's TCPA claims because this cause of action arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

6. Venue is proper in the United States District Court for the Northern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because

Defendant is subject to personal jurisdiction in the County of Orange, State of California and Plaintiff resides within the County of Orange, State of California.

## PARTIES

7. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a national association and financial institution whose State of Incorporation is Florida. Defendant, is and at all times mentioned herein was a "person," as defined by 47 U.S.C. § 153 (10). Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of Santa Clara, and within this judicial district.

## FACTUAL ALLEGATIONS

9. On or around March of 2014, Defendant began contacting Plaintiff in attempt to sell her employment-related posters required by business owners to display where their employees can see the information.

10. Defendant was calling Plaintiff on her cellular telephone.

11. Defendant called from (888)562-0999.

12. Plaintiff obtained legal representation regarding the instant matter. On April 16, 2014, Plaitniff sent a letter to Defendant notifiying Defendant that Plaintiff had obtained said representation. Defendant has failed to respond at this time.

13. The calls Defendant placed to Plaintiff's cellular telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

14. Plaintiff, at no time, gave Defendant her consent to be contacted on her cellular telephone via an ATDS.

15. This ATDS has the capacity to store or produce telephone numbers to be dialed, using a random or sequential number generator.

16. The telephone number that Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

17. These calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

18. These telephone calls by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1).

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

30. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

31. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

///

///

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

34. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

35. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

38. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

40. Any other relief the Court may deem just and proper.

///

///

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

41. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

42. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

43. Any other relief the Court may deem just and proper.

## TRIAL BY JURY

47. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 6th day of September, 2014.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff